# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAITH BLITMAN | CIVIL ACTION |
| *Plaintiff,* | No. _____ |
| v. | JURY TRIAL DEMANDED |
| NORTHEAST TREATMENT CENTERS, INC. t/d/b/a NORTHEAST TREATMENT CENTERS | |
| *Defendant.* | |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Faith Blitman (hereinafter "Plaintiff") has initiated the instant action to recover damages for unlawful disability discrimination and retaliation by Defendant Northeast Treatment Centers, Inc. (hereinafter "Defendant"), her former employer.

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Defendant is a Pennsylvania corporation with an address as captioned above.

5. Defendant is an "employer" as that term is utilized in the Americans with Disabilities Act (ADA) because it employed in excess of fifteen individuals (for ADA purposes); and four (4) individuals (for PHRA purposes) in the current or preceding calendar year.

6. At all times relevant hereto, Defendant employed Plaintiff and acted through its agents, servants and employees.

### III.   Jurisdiction and Venue

7. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

8. The Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein (or later added) pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant resides in and/or conducts business in this judicial district; and/or (b) because the acts and omissions giving rise to the claims set forth herein (including specifically the discrimination carried out by Defendant against Plaintiff) occurred exclusively in this judicial district.

### IV.   Exhaustion of Administrative Remedies

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff has exhausted her administrative remedies under the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA) as follows:

    a. Plaintiff filed a timely written Charge of Discrimination (No. 530-2021-0004) on October 1, 2020 with the Philadelphia Office of the Equal Employment Opportunity

    Commission (EEOC) alleging disability discrimination and retaliation, and later amended same;

b. Plaintiff cross-filed the aforesaid charge with the Pennsylvania Human Relations Commission;

c. The EEOC issued a Notice of Right to Sue to Plaintiff on July 13, 2021;

d. The instant action is filed within ninety (90) days of the issuance of the foregoing Notice.

## V.    Factual Background

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff worked as an IOP counselor for Respondent at its facility at 2205 Bridge Street, Philadelphia, PA 19037 from July of 2018 through her constructive termination on June 9, 2021.

16. Plaintiff was diagnosed with cancer (multiple myeloma) in July of 2019 and still suffers from that medical condition.

17. Plaintiff's medical condition causes extreme tiredness, fatigue, and pain.

18. Plaintiff is, and was at all times relevant hereto, a "qualified individual with a disability" as that term is used in the Americans with Disabilities Act because her medical condition is an impairment that substantially affects one or more major life activities.

19. Plaintiff has also been perceived by Defendant as suffering from such an impairment, and has a record of such an impairment.

20. Plaintiff's personal physician and oncologist made recommendations to Defendant regarding the accommodation of her disability and Defendant failed to followed them, did not communicate with Plaintiff regarding them, and did not engage in the interactive process required by the Americans with Disabilities Act.

21. Plaintiff was also subjected to an unlawful and ongoing pattern of discrimination, harassment, and retaliation as a result of her disability, including but not limited to the following: unjustified disciplinary action against her; repeated phone contacts to discuss work matters during her chemotherapy treatments; and other disparate treatment due to her disability.

22. As a result of the foregoing, Plaintiff filed an EEOC charge of disability discrimination and retaliation on October 1, 2020 at No. 530-2021-0004.

23. After the foregoing filing, Plaintiff was subjected to additional unlawful and ongoing discrimination, harassment, and retaliation as a result of her disability (cancer), her EEOC filing, and her request(s) for accommodation.

24. By way of example, Plaintiff was advised by Defendant's Human Resources department that her case load would not exceed 25 patients, but her supervisor, Jermaine Hoskins (hereinafter "Hoskins"), deliberately circumvented this requirement and assigned Plaintiff more work than Defendant had agreed by giving her additional patient work that was not on her case load.

25. When an objection was raised to the increased case load, Hoskins emailed Amanda Cress (another of Plaintiff's supervisors) on January 8, 2021 and advised her that Plaintiff was *"complaining as usual."*

26. The foregoing statement (which Hoskins inadvertently copied to Plaintiff) was a reference to Plaintiff's prior protected activity and constitutes direct evidence of Hoskins' clear intent to retaliate against her for her prior protected activity.

27. Hoskins and other agents of Defendant also agreed to schedule appointments to assist Plaintiff with case work questions, and then canceled them without basis because of her disability and her prior protected activity.

28. Plaintiff was essentially ostracized, denied assistance, and subjected to actions that would force her to quit.

29. Plaintiff was constructively terminated from Defendant's employ on June 9th, 2021.

30. Defendant has also recently engaged in disability discrimination and retaliation against others in its employ and forced them to resign by making their work conditions intolerable.

**Count One**
**Americans With Disabilities Act (ADA)**
**Plaintiff v. Defendant**
**Disability Discrimination and Retaliation**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff is and was at all times relevant herein a qualified individual with a disability.

33. By its actions and inactions as aforesaid, Defendant violated the Americans with Disabilities Act (ADA) in that it:

    a. Denied a reasonable accommodation to Plaintiff despite request(s) for same;

    b. Failed to engage in the required interactive process as regards Plaintiff's need for accommodation of his disability;

    c. Constructively terminated Plaintiff's employment because of her disability;

    d. Subjected Plaintiff to a hostile work environment based and to retaliation based on her aforesaid disability and/or harassed Plaintiff because of her disability and her complaints and protected activity.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause below.

## Count Two
## Pennsylvania Human Relations Act
## Plaintiff v. Defendant
## Disability Discrimination and Retaliation

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. The actions of Defendant and its agents as aforesaid also violated the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause below.

## *AD DAMNUM CLAUSE*

Plaintiff respectfully requests that the Court grant her the following relief:

A. That judgment be entered in Plaintiff's favor and against Defendant on the claims set forth in the instant Complaint and any claims later added by amendment;

B. That Plaintiff be awarded actual damages, including front pay and back pay, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendant;

C. On Count One, that Plaintiff be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter it and/or other persons or entities from engaging in such misconduct in the future;

D. That Plaintiff be accorded any and all other legal, equitable or injunctive relief as the Court deems just and proper;

E. That Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees and costs as provided by applicable law;

F.    That Plaintiff's claims against Defendant are to receive a trial by jury.  Plaintiff has also endorsed this demand on the caption of the instant Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                        Respectfully submitted,

                        WAYNE A. ELY

BY:    /S/   Wayne A. Ely
           Wayne A. Ely, Esquire
           Attorney for Plaintiff
           225 Lincoln Highway
           Building A, Suite 150
           Fairless Hills, PA 19030
           (215) 801-7979

October 1, 2021