IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAITH BLITMAN,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NORTHEAST TREATMENT** | : | |
| **CENTERS, INC., d/b/a NORTHEAST** | : | |
| **TREATMENT CENTERS,** | : | **No. 21-4318** |
| *Defendant.* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                              MARCH _____, 2022

A party may prevail in a litigation simply because an opposing party defaults—it never

defends itself in the case. This method of resolving disputes, however, is disfavored. Northeast

Treatment Centers did not timely respond to Ms. Blitman's complaint, leading to an entry of

default against it. Ms. Blitman seeks default judgment against Northeast and Northeast seeks to

set aside the entry of default. The Court grants Northeast's motion to set aside the entry of default.

BACKGROUND

Ms. Blitman sued Northeast Treatment Centers Inc. ("Northeast") for allegedly

discriminating against her based on her disabled status. Ms. Blitman filed her complaint on

October 1, 2021 and served Northeast on November 4, 2021. Northeast's responsive pleading was

due by November 26, 2021, but it did not file anything by that date.[1] Thus, Ms. Blitman filed for

an entry of default on December 17, 2021; the Clerk of Court entered default the same day. Then

Ms. Blitman filed a motion for default judgment against Northeast. Because Ms. Blitman did not

request a sum certain in her complaint, the Court scheduled a hearing to determine damages in

---

[1] In general, a party has 21 days after proper service to respond to a complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Here, because of the Thanksgiving holiday, Northeast had one extra day.

1

accordance with Fed. R. Civ. P. 55(b). After the Court scheduled that hearing, Northeast responded with a motion to set aside the default and a response in opposition to the motion for default judgment. Ms. Blitman opposes Northeast's motion to set aside the entry of default. For the reasons that follow, the Court grants Northeast's motion.

DISCUSSION

Under Federal Rule of Civil Procedure 55(a), the clerk of court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Ms. Blitman did precisely that, requesting an entry of default against Northeast with an attached affidavit demonstrating service upon Northeast. Doc. No. 3. An entry of default, however, is not the end of the road for the defaulting party. Instead, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Northeast has moved to do just that.

In considering whether to set aside an entry of default, the Third Circuit Court of Appeals has set out four factors for district courts to consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Plus, an entry of default "is not favored" and a court "should employ a 'standard of liberality' that resolves all doubts in favor of the defaulting party." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2001) (quoting *Gross v. Stereo Component Sys.*, 700 F.2d 120, 122 (3d Cir. 1983)). Here, the factors weigh in favor of granting Northeast's motion to set aside the entry of default.

First, setting aside the entry of default would not prejudice Ms. Blitman. In assessing prejudice, courts examine whether a "plaintiff's claim would be materially impaired because of

the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Id.* at 148. In *Dizzley*, the district court found that a three-month delay, without more, did not establish prejudice. *Id.* Here, Northeast's answer was due in late November and it finally appeared in late January—just over two months late. Plus, there is no claim by Ms. Blitman that Northeast's delay has impaired her claim because of a loss of evidence, an increased potential for fraud, or any reliance on the entry of default. Thus, this first factor weighs in Northeast's favor.

Second, Northeast likely has a meritorious defense. Contrary to Ms. Blitman's allegations, Northeast claims that it *did* provide Ms. Blitman with accommodations for her disability and that the problems Ms. Blitman experienced at work related to performance deficiencies, not her disability. In its initial motion, Northeast included the certification of Hans Semezier, Sr., senior director of MMT services for Northeast in support of that contention. Mr. Semezier stated that Ms. Blitman was not discriminated against because Northeast *did* accommodate her by reducing her caseload and any discipline was based on Ms. Blitman's performance, such as her failure to submit required documentation. Doc. No. 7-2. Taking issue with this, Ms. Blitman argues that a certification alone is not sufficient and that, because Northeast did not file a proposed answer with its motion to set aside default, it failed to meet its burden. True, as Ms. Blitman points out, "[a] general denial is insufficient to overturn a default" and a "defendant must assert specific facts supporting the existence of a prima facie meritorious defense." *Kauffman v. Cal Spas*, 37 F. Supp. 2d 402, 405 (E.D. Pa. 1999).[2] But in its reply brief, Northeast did file a proposed answer to the complaint. And Northeast rightly points out that "the defaulting party is not required to prove

---

[2] Ms. Blitman also points the Court to one other case, *Angelo Bros. Co. v. A & H Co.*, No. 96-cv-2507, 1996 WL 571720 (E.D. Pa. Oct. 7, 1996). There, a district court commented on the fact that the defendant had still not filed a proposed answer. *Id.* at *4. But that was part of the court's analysis of the defendant's culpable conduct. Plus, Northeast *has* now filed a proposed answer. So this case does not carry the weight that Ms. Blitman claims.

beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face." *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (internal quotation marks omitted).[3] In its proposed answer to Ms. Blitman's complaint, Northeast *does* respond to and deny Ms. Blitman's specific allegations. Thus, this second factor, too, weighs in Northeast's favor.

Third, Northeast's behavior is excusable, not culpable. Northeast's reason for not responding to the complaint is that Ms. Blitman served the complaint on Nicole Carter, an executive administrative assistant at Northeast. Ms. Carter then allegedly placed it in a mailbox for Human Resources, but the Director of Human Resources apparently went on leave shortly thereafter, leaving the complaint sitting in the mailbox. Ms. Blitman, on the other hand, argues that this behavior was culpable and voluntary, that the HR department's decision not to check the mailbox was culpable, and the fact that Northeast has not filed any affidavit of Ms. Carter is further evidence of Northeast's culpability. But, notably, Ms. Blitman provides no case law to support these arguments. While Northeast's behavior may have been sloppy or lackadaisical, culpable conduct is "dilatory behavior that is willful or in bad faith." *Dizzley*, 202 F.R.D. at 148. There is no allegation that Northeast acted willfully or in bad faith. Thus, the third factor weighs in Northeast's favor as well.

Fourth, no party has suggested any alternative sanctions nor addressed their effectiveness. Thus, the Court will not address this factor either.

Finally, even if there were doubt as to whether the default should be set aside, which there is not, the court should err on the side of setting aside the default and reaching the merits of the

---

[3] As an aside, the Court notes that many cases cite to *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) for this quote. *See, e.g., Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 284 (E.D. Pa. 2002). That quote appears nowhere in the *Emcasco* case. Nevertheless, the proposition still stands.

case. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). This is an additional reason for the Court to reach the same conclusion.

Therefore, the Court grants Northeast's motion to set aside the entry of default. Because the Court grants Northeast's motion, Ms. Blitman's motion for default judgment is now moot.

## CONCLUSION

For the foregoing reasons, the Court grants Northeast's motion to set aside the entry of default. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE